REEDER v. ENGLISH ET AL.

SUPREME COURT.—*Assignment of Error.—Record.*—An assignment of error, questioning the correctness of an alleged ruling, which in fact does not appear by the record to have ever been made, presents no question for decision.

SAME.—*Bill of Exceptions.*—The signature of the proper judge is necessary to the validity of a bill of exceptions.

From the Tipton Circuit Court.

*M. Bell*, *C. E. Hendry*, *J. W. Robinson* and ——*McDowell*, for appellant.

*D. Waugh* and *J. A. Swoveland*, for appellees.

WORDEN, J.—This was an action by the appellant, against the appellees, to set aside a certain judgment which had been taken against the appellant by default.

Issue; trial by jury; verdict and judgment for the defendants.

Two errors are assigned:

First, in overruling the demurrer to the first paragraph of the answer of John English, Thomas E. Miller and George B. Joice; and,

Second, in overruling the motion for a new trial.

Upon turning to the record we find that the defendants named in the assignment of error filed an answer of two paragraphs, the first of which set up new matter in avoidance, and the second was the general denial. No demur-

rer was filed to the first paragraph, but there was to the second.

Had the assignment of error alluded to the demurrer to the right paragraph of answer, still it would have been unavailable, as the general denial, to which the demurrer was addressed, was well pleaded. Doubtless the pleader intended to address his demurrer to the first paragraph of answer, but we must take the record as we find it.

No question is raised by the motion for a new trial, because there is no bill of exceptions in the record. There is a paper in the record purporting to be a bill of exceptions, but it lacks an indispensable requisite to a bill of exceptions, viz., the signature of the judge.

The judgment below is affirmed, with costs.